IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RONNIE NIXON, JR.                                                              PETITIONER

v.                           NO. 3:20-cv-00409 DPM-PSH

DOE                                                                              RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Petitioner Ronnie Nixon, Jr., ("Nixon") began this case on December 18, 2020, by filing a pleading that the Clerk of the Court ("Clerk") construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. Nixon failed, though, to identify his custodial agent, provide a state trial court case number or otherwise identify the charge or sentence he is attacking, and sign the petition. In addition, he neither paid the five dollar filing fee nor, alternatively, filed a motion for leave to proceed in forma pauperis.

The undersigned reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned then ordered Nixon to do the following by the close of business on February 1, 2021:

    1) File an amended petition in which he identified his custodial agent, provided a state trial court case number or otherwise identified the charge or sentence he is attacking, and signed the amended petition. He was also strongly encouraged to provide additional facts to substantiate his claim and explain whether he presented his lone claim to the state courts.

    2) Pay the filing fee or, alternatively, file an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.[1]

Nixon was notified of his obligation to comply with the Federal Rules of Civil Procedure as well as the Local Rules for the United States District Court for the Eastern District of Arkansas. He was specifically directed to Local Rule 5.5(c)(2).[2] He was warned that in the event he failed to comply with the foregoing requirements, the undersigned would recommend that this case be dismissed without prejudice.

    February 1, 2021, has now come and gone. Nixon has failed to file an amended petition. He has also failed to pay the filing fee or, alternatively, file an application to proceed <u>in</u> <u>forma</u> pauperis. The record also reflects that four mailings to Nixon at the address he provided—Poinsett County Detention Center, 1500 Justice Drive, Harrisburg, Arkansas—have been

---

[1] The record reflects that the Clerk sent Nixon the documents necessary to file an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

[2] Rule 5.5(c)(2) provides the following:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

returned to the Clerk as undeliverable. See Docket Entries 3, 4, 5, 6. Given Nixon's failure to comply with a prior order, and his failure to promptly notify the Clerk of a change of address, it is recommended that this case be dismissed without prejudice. Judgment should be entered for respondent Dexter Payne.

DATED this 4th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE